# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ELIZABETH V. JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 12-0053 (ESH) |
| ) | |
| UNITED STATES, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Before the Court is defendants' motion to dismiss the complaint for lack of subject matter or personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(1) & (2). For the reasons stated herein, the Court will dismiss the complaint for lack of subject matter jurisdiction.

## BACKGROUND

This case arises out of allegedly defamatory remarks made by three employees of the United States Postal Service, Brandon Toatley, John Marx and Avis Davis, about two other employees, plaintiff Elizabeth V. Jackson and Jerry Ellis-Hemby.[1] Plaintiff, who is proceeding *pro se*, initially filed a claim for defamation against Toatley, Marx and Davis in the Superior Court for the District of Columbia, Small Claims and Conciliation Branch, seeking between $2,500 and $5,000 in damages. In its entirety, plaintiff's claim reads:

> Defamation of character, discussing myself & co-worker, Jerry Ellis-Hemby's, suspension on the workroom floor with our peers. And referring to us as bitches

---

[1] Ellis-Hemby filed a separate suit against the same three defendants, which was dismissed after the plaintiff failed to respond to a motion to dismiss. *Ellis-Hemby v. Toatley et al.*, No. 12-cv-0052 (D.D.C. Apr. 24, 2012).

in the process.  From 12-10-11 to present at USPS Friendship Station (Zone 7).

Upon review of plaintiff's claim, the Attorney General certified under the Westfall Act that all three defendants "were federal employees acting within the scope of their office or employment at the time of the allegations giving rise to the complaint" and therefore, removed the matter to federal court and substituted itself as the sole defendant.  (Notice of Removal at 3, Jan. 12, 2012 [Dkt. No. 1].)  On March 19, 2012, defendants filed the pending motion to dismiss, which plaintiff opposed on April 20, 2012.

## ANALYSIS

### I.     WESTFALL ACT CERTIFICATION

Before turning to the merits of the motion to dismiss, the Court will address plaintiff's apparent challenge to the Westfall Act certification.[1]  The Federal Employees Liability Reform and Tort Compensation Act of 1988, also known as the Westfall Act, "accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties."  *Wuterich v. Murtha*, 562 F.3d 375, 380 (D.C. Cir. 2009).  Under the Act, "when a federal employee is named in a tort suit, the Attorney General or his designee may certify that the employee was 'acting within the scope of his office or employment at the time of the incident out of which the claim arose.'"  *Id.* (quoting 28 U.S.C. § 2679(d)).  "Upon certification . . . any civil action or proceeding commenced upon such claim in a State court shall be removed . . . to the district court of the United States for the district and division

---

[1]It is not actually clear from plaintiff's response to the motion to dismiss whether she is challenging the scope-of-employment certification.  (*See* Pl.'s Opp'n at 2 ("All of the defendants involved did not operate within their scope of responsibilities.").)  However, since plaintiff is proceeding *pro se*, the Court will assume that she is.

embracing the place in which the action or proceeding is pending.  Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of [the Federal Tort Claims Act] . . . , and the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(2).

A Westfall Act certification is conclusive for the purposes of removal, *see* 28 U.S.C. § 2679(d)(2), but "[a] plaintiff may contest the Attorney General's scope-of-employment certification before a district court." *Wuterich v. Murtha*, 562 F.3d 375, 381 (D.C. Cir. 2009). Once a plaintiff challenges the scope-of-employment certification, the certification "constitute[s] prima facie evidence that the employee was acting within the scope of his employment." *Id.* To rebut the certification, a plaintiff must "alleg[e] sufficient facts that, taken as true, would establish that the defendant['s] actions exceeded the scope of [his] employment." *Id.* Upon consideration of plaintiff's complaint and the additional facts included in her response to the motion to dismiss, the Court concludes that she has not met this standard since she provides no facts whatsoever but merely refers to the conduct as "unethical, unprofessional [and] unjustified."

## II.   SUBJECT MATTER JURISDICTION

Having found no basis for rejecting the Westfall Act certification, what is now before the Court is a tort suit for damages against the United States.  In these circumstances, "the only possible basis for subject matter jurisdiction [is] the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b)." *Epps v. U.S. Atty Gen.*, 575 F. Supp. 2d 232, 238 (D.D.C. 2008); *see also Benoit v. U.S. Dept. of Agriculture*, 608 F.3d 17, 20 (D.C. Cir. 2010) ("Suits for damages against the United States under the common law must be brought pursuant to the limited waiver of

sovereign immunity in the FTCA."). Defendants argue, however, and the Court agrees, that the FTCA does not give the Court subject matter jurisdiction over plaintiff's claims.

### A.   No Waiver of Sovereign Immunity

First, although the FTCA waives the sovereign immunity of the United States with respect to some torts, it expressly bars suits against the United States with regards to claims of "libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h). Defamation claims are similarly barred. *Gardner v. United States*, 213 F.3d 735, 737 n.1 (D.C. Cir. 2000). Accordingly, plaintiff cannot proceed with a defamation claim for damages against the United States under the FTCA.

### B.   No Exhaustion of Administrative Remedies

Second, the FTCA requires a plaintiff to exhaust administrative remedies before bringing suit in federal court:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied . . . .

28 U.S.C. § 2675(a); *see McNeil v. United States*, 508 U.S. 106, 113 (1993). The failure to exhaust prior to filing suit requires dismissal of the case for lack of jurisdiction. *See, e.g.*, *Ali v. Rumsfeld*, 649 F.3d 762, 775 (D.C. Cir. 2011) ("[W]e view the failure to exhaust administrative remedies [under the FTCA] as jurisdictional." (internal quotations omitted)); *Epps*, 575 F. Supp. 2d at 238 (exhaustion is "mandatory prerequisite to bringing [an FTCA] claim in court"). Plaintiff's complaint does not allege that she exhausted her administrative remedies. Defendants' motion to dismiss points this out and attaches as an exhibit a declaration that the

United States Postal Service has no record of plaintiff ever having filed an administrative claim. (Mot. to Dismiss, Ex. 1, Decl. of Elinor G. Brown ¶¶ 3-4.) Plaintiff's response to the motion to dismiss does not mention exhaustion or refer to any prior administrative proceedings. Accordingly, plaintiff has failed to exhaust her administrative remedies, which provides a second and independent basis for dismissal of the FTCA claim against the United States.

### III. PERSONAL JURISDICTION

The United States has also moved to dismiss on the ground that the Court lacks personal jurisdiction due to plaintiff's failure to properly serve the summons and complaint. Having concluded that subject matter jurisdiction is lacking, the Court will not reach the issue of personal jurisdiction.

### CONCLUSION

Accordingly, the motion to dismiss is granted and the complaint is dismissed for lack of subject matter jurisdiction. An separate Order accompanies this Memorandum Opinion.

                                       /s/
                                ELLEN SEGAL HUVELLE
                                United States District Judge

DATE:  April 30, 2012